FILED
2024 Sep-19 PM 02:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RANDALL SCOTT NELSON, and MARION KAY NELSON, | ) ) ) |
| Plaintiffs, | ) ) |
| | ) 24-cv- |
| v. | ) ) |
| FRANKENMUTH MUTUAL INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) |

**Exhibit 1 – Complaint**

5

ELECTRONICALLY FILED
9/9/2024 9:12 AM
01-CV-2024-903578.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RANDALL SCOTT NELSON,    )
MARION KAY NELSON,    )
    Plaintiffs,    )
    )
v.    )    Case No.:
    )
FRANKENMUTH MUTUAL    )
INSURANCE COMPANY, a corporation    )
"1-10," the persons, firms, or corporations    )
who negligently, wantonly, or fraudulently    )
made misrepresentations to the Plaintiffs    )
whose negligent or wanton conduct caused    )
the Plaintiffs injuries and damages, whose    )
true names and legal entities are otherwise    )
unknown to the Plaintiffs at this time but    )
will be substituted by amendment when    )
ascertained; "11-20," the persons, firms,    )
or corporations, acting through agents,    )
servants, or employees or in their own    )
right as any insurance or assurance    )
company who has or had a contractual    )
agreement with the Plaintiffs to provide    )
a policy of insurance coverage to the    )
Plaintiffs and who has failed or refused to    )
provide the Plaintiffs with said coverage    )
and such failure being a breach of a    )
contractual agreement with the Plaintiffs    )
and that said breach caused Plaintiffs    )
damages on the occasion or occasions    )
described herein, whose true names and    )
legal entities are otherwise unknown to    )
the Plaintiffs at this time, but will be    )
substituted by amendment when    )
ascertained; "21-30," the person, firms,    )
or corporations who, acting through agents,    )
servants or employees, or in their own    )
right has a contractual agreement to provide    )
insurance coverage for damages caused to    )
Plaintiffs property, both real and personal,    )
who has, in bad faith, failed and/or    )
refused to pay according to the terms to    )
abovementioned insurance agreement,    )

1

whose true names and legal entities are         )
otherwise unknown to the Plaintiffs at          )
this time, will be substituted by amendment )
when ascertained,                                        )
                                                               )
        Defendants.                                       )

## COMPLAINT

1.    Plaintiff's, Randall Scott Nelson and Mariam Kay Nelson, are husband and wife, residents of Jefferson County, Alabama, and over the age of nineteen (19) years.

2.    Defendant, Frankenmuth Mutual Insurance Company ("Frankenmuth") is a corporation organized under the laws of a state unknown to the Plaintiffs at this time, and licensed to do business in Alabama. Frankenmuth was doing insurance business in and around Jefferson County, Alabama, during all pertinent dates alleged in this Complaint.

3.    Defendants "1-30," whether singular or plural, being those persons, firms, corporations or employees, agents, representatives of those persons, firms, or corporations, who negligently, wantonly, deceitfully, and/or fraudulently made misrepresentations to the Plaintiff's, and/or those Defendants who entered into a business insurance contract with the Plaintiff's and who breached said contract, and/or those Defendants who in bad faith breached their duty to provide and honor their insurance contract or agreement with the Plaintiff's, whose acts or omissions were a proximate cause of the Plaintiff's injuries described herein, whose true names and legal entities are otherwise unknown to the Plaintiff's at this time but will be substituted by amendment when ascertained.

4.    Defendant, Frankenmuth, and fictitious Defendants "1-30," may be collectively referred to herein as "Defendants" and/or said Defendants may be referred to individually.

## COUNT I

1.    Plaintiffs reallege and adopt each and every previous paragraph of this complaint as if set out verbatim hereinafter.

2.    The Plaintiffs own a building located at 332 Decatur Highway Gardendale, Alabama 35071 (the "property"). Plaintiff, Randall Scott Nelson, was doing business as Scott's Motorcycle at said location and was a party to a contract of insurance, policy number 6638617, with Frankenmuth and/or Defendants "1-30," wherein Frankenmuth agreed to insure, *inter alia.*, the building, its contents, personal property, and inventory located at 332 Decatur Highway Gardendale, Alabama 35071. Frankenmuth represented to the Plaintiffs that the policy

2

contained coverage for water loss, mold, personal property, damages and losses related thereto, among other perils, which might occur at the building.

3.  The Plaintiffs aver that the property made the basis of this lawsuit was located in Jefferson County, Alabama, wherein a water leak occurred destroying and/or damaging the property and its contents on or about December 25, 2022. The Plaintiffs monitor the property when no one is at the property via camera that is remote to a cell phone and/or other electronic devise. On or about the evening of December 25, 2022, Plaintiffs received notice that the security cameras at the property were not functioning. The Plaintiffs went to the property the following morning, December 26, to find water damage at/to the property and promptly notified Frankenmuth of their claim.

4.  The Frankenmuth insurance policy and/or agreement made the basis of this lawsuit was in full force and effect on the date of said loss.

5.  The Plaintiffs promptly notified Frankenmuth of the loss.

6.  The Plaintiff fully and completely cooperated with the investigation of the claim by Frankenmuth.

7.  The Plaintiffs aver that Frankenmuth breached their insurance agreement by denying their claim on June 9, 2023, by correspondence and by failing and refusing to pay the loss, although the Plaintiff's fully and completely cooperated with the Defendant.

8.  The Defendants have refused to pay the Plaintiffs the amounts due for repair and/or replacement of the property due to said water loss, they have failed to pay for all personal property/inventory loss due and have refused to pay other associated losses.

9.  Frankenmuth has refused to cover the loss made the basis of this suit, all of which amounts to a breach of contract by Frankenmuth.

10. As a proximate result of Frankenmuth breach of contract, the Plaintiffs have been caused to suffer injury and damages associated therewith.

WHEREFORE, the Plaintiffs demands judgment of the Defendants for damages in such an amount as a jury may award, plus costs associated herewith.

COUNT II

1.  Plaintiffs reallege and adopt each and every paragraph of the preceding complaint and count as if set out verbatim hereinafter.

3

2. Frankenmuth has refused to pay the Plaintiffs losses for repair and/or replacement of the Plaintiffs property, they have failed to pay for all personal property/inventory loss, and have refused to pay other associated losses due the Plaintiffs. Frankenmuth has refused to cover the loss made the basis of this suit, all of which amounts to a breach of contract by Frankenmuth.

3. As a proximate result of Frankenmuth breach of contract, the Plaintiff's have been caused to suffer injury and damages associated therewith.

4. The Defendants have, in bad faith, refused to pay the claim made the basis of this lawsuit with no legitimate valid reason to refuse payment of said claim, and as proximate result thereof the Plaintiffs have been caused to suffer injury and damages associated therewith.

WHEREFORE, Plaintiffs demand judgment of the Defendants in compensatory and punitive damages in such an amount as a jury may award against the Defendants, plus cost associated herewith.

## COUNT III

1. Plaintiffs reallege and adopt each and every paragraph of the preceding complaint and counts as if set out verbatim hereinafter.

2. Frankenmuth made fraudulent representations to the Plaintiff concerning the insurance policy made the basis of this suit.

3. Frankenmuth and/or its representatives, agents, and employees represented that Plaintiffs' insurance policy would provide coverage for losses, including, but not limited to, those caused by water at the Plaintiffs' property made the basis of this lawsuit.

4. Plaintiffs aver that said combined and concurring misrepresentations made by the Defendants were false at the time said representations were made and the Defendant knew that they were false and/or Defendants grossly, maliciously, oppressively, and recklessly represented material facts as true which the Defendant did not know to be false, and Plaintiffs relied on said misrepresentations to their detriment.

5. Plaintiffs aver the Defendants have failed to pay the claim and/or investigate the claim, and the Defendants misrepresented that they would carry out their duty to investigate and pay claims under said policy of insurance with the Plaintiff's.

6. As a proximate result of said fraudulent representations, the Plaintiffs were caused to suffer injury and damages associated therewith.

4

WHEREFORE, Plaintiff's demands judgment of the Defendants for compensatory and punitive damages in such an amount as a jury may award, plus costs associated herewith.

## COUNT IV

1. Plaintiffs reallege and adopt each and every paragraph of the preceding complaint and counts as if set out verbatim hereinafter.

2. The Defendants intentionally, recklessly, and/or wantonly failed to investigate the claim made the basis of this suit.

3. The Defendants had a duty to deal with the Plaintiff's in good faith and breached that duty by failing to reasonably investigate the claim made the basis of this suit.

4. The Defendants, in bad faith, failed to fairly investigate the claim made the basis of this suit.

5. As a proximate result of the Defendants refusal to fairly investigate the claim, the Plaintiffs has been caused to suffer injury and damages associated therewith.

WHEREFORE, Plaintiffs demand judgment of the Defendants for compensatory and punitive damages in such an amount as a jury may award against the Defendants, plus costs associated therewith.

## COUNT V

1. Plaintiffs reallege and adopt each and every paragraph of the preceding complaint and counts as if set out verbatim herein after.

2. The Defendants breached their duty of good faith and fair dealing when they intentionally failed to diligently investigate the facts, fairly evaluate the Plaintiffs claim and act promptly and reasonably.

3. The Defendants vexatiously and unreasonably failed to investigate the Plaintiffs claim.

4. As a proximate result of the Defendants vexatious and unreasonable failure to fairly investigate the claim, the Plaintiffs have been caused to suffer injury and damages associated therewith.

WHEREFORE, Plaintiffs demand judgment of the Defendants for compensatory and punitive damages in such an amount as a jury may award against the Defendants, plus costs associated herewith.

5

COUNT VI

1. Plaintiffs realleges and adopt each and every paragraph of the preceding complaint and counts as if set out verbatim hereinafter.

2. Defendants made willful misrepresentations of material facts to the Plaintiffs with the intent to induce the Plaintiffs to act thereon. Defendants specifically represented to the Plaintiff's that the insurance policy being purchased covered the property made the basis of this lawsuit for loss, including, but not limited to, water loss.

3. The Plaintiffs did, without knowledge of the Defendants false statements and representations, act upon said willful misrepresentations to her detriment in paying for this coverage.

4. Plaintiffs aver that said combined and concurring willful misrepresentations were made by the Defendants grossly, maliciously, oppressively, and recklessly, and these false material facts were relied upon as true by the Plaintiffs, to their detriment.

5. As a proximate result of said willful misrepresentations, the Plaintiffs were caused to suffer injury and damages associated therewith.

WHEREFORE, Plaintiffs demand judgment of the Defendants for compensatory and punitive damages in such amount as a jury will award, plus costs associated herewith.

COUNT VII

1. Plaintiffs reallege and adopt each and every paragraph of the preceding complaint and counts as if set out verbatim hereinafter.

2. The Defendants deceived the Plaintiffs by willful misrepresentations of material fact as true which they knew to be untrue and/or by reckless representation of material facts as true which they did not know to be false, in that they represented to the Plaintiffs that the insurance coverage would cover potential loss to his property, including but not limited to, loss caused by water, all of which was to induce the Plaintiffs to act upon said representation in purchasing said insurance coverage with the Defendants, and the Plaintiffs did act thereon to their detriment.

3. The Defendants knew their deceitful acts and representations were false and was an essential representation upon which the Plaintiffs relied.

6

4.    As a proximate result of said reckless misrepresentations, the Plaintiffs were caused to suffer injury and damages associated therewith.

WHEREFORE, Plaintiffs demand judgment of the Defendants for compensatory and punitive damages in such amount as a jury will award, plus costs associated herewith.

/s/ R. Leland Lesley
R. Leland Lesley (LES008)
Attorney for Plaintiffs

R. Leland Lesley
The Lesley Law Firm
*A Professional Legal Corporation*
2908 Crescent Avenue
Birmingham, Alabama 35209
(205) 870-1986
lee@lesleylawfirm.com

## PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY IN THE ABOVE CAUSE

/s/ R. Leland Lesley
R. Leland Lesley (LES008)

Plaintiff's Address:
556 White Water Drive
Hayden, Alabama 35079

Serve Defendant via certified mail at:
Frankenmuth Casualty Insurance Company
c/o CT Corp.
2 North Jackson Street, Suite 605
Montogomery Alabama 36104

7

ELECTRONICALLY FILED
9/9/2024 9:12 AM
01-CV-2024-903578.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| RANDALL SCOTT NELSON, ) | |
| MARION KAY NELSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| FRANKENMUTH MUTUAL INS. CO, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT
### FRANKENMUTH MUTUAL INSURANCE COMPANY

COMES NOW the Plaintiffs in the above cause and propounds the following interrogatories upon Defendant, Frankenmuth Mutual Insurance Company ("Frankenmuth" and/or "Defendant"), pursuant to Alabama Rule of Civil Procedure 33:

1.  Please state the appropriate name of this Defendant, and if this Defendant is a corporation state, the date of incorporation, state of incorporation, and the name and address of the president of said corporation, and when said corporation was licensed to do  business in Alabama.

2.  Please state the time, date, and method by which this Defendant received the claim filed by the Plaintiffs regarding loss to the property made the basis of this suit.

3.  Please state the name of any and all adjusters, claims representatives, or investigators who were assigned to the claim made the basis of this suit, as well as the dates on which said persons worked on this claim, stating the nature of the work performed in detail.

4.  Please state in detail your basis for denying the claim made the basis of this suit, and attach all supporting documentation, reports or memoranda which you rely on in support of said denial.

5.  List each person from whom you received information concerning the claim made the basis of this suit which in any way whatsoever lead to your denial of said claim, setting forth in detail the information you received from the person, the persons name, address, and telephone number.

*Nelson v. Frankenmuth, et al.*
First Interrogatories
page 2

6.  Please list and identify each and every document, electronic mail or communication, recording, telephonic memorandum, note, or other document of any nature whatsoever concerning the claim made the basis of this action and for each and such document state:

    a.  Title of the document.
    b.  Author of document.
    c.  Date of document.
    d.  The person who is custodian of such document and that persons address and telephone number.
    e.  Attach a copy of the document to responses.

7.  List each and every ground for which you base your denial of Plaintiffs claim and for each such ground state:  Each and every witness who has knowledge of denial; list each and every document, recording or writing of any nature whatsoever which supports your denial of benefits; and state any other fact upon which you intend to rely in support of the denial of the claim of the Plaintiffs.

8.  Do you have a claims manual and written procedures concerning the handling of claims:  if so, state:

    a.  The person or persons who have custody of such manuals or written procedures.
    b.  The address of such person.
    c.  The title and position of such person.
    d.  The telephone number of such person.

9.  If this Defendant does have a claims manual or written procedures concerning the handling of claims, please submit such manual and/or written procedures.

10. If this Defendant states or contends it did not deny the claim made the basis of this action, state in full and complete detail all actions taken by the Defendant during the period beginning from the time the claim was reported until the time this suit was filed, and fully explain the failure to pay it's claim.

11. State whether or not there have been lawsuits filed against this Defendant claiming injury or loss for bad faith denial of claims based on vacancy and/or occupancy, bad faith failure to investigate water loss claims, bad faith failure to pay water loss claims, bad faith failure to defend or any other type of bad faith allegation, and/or any lawsuits alleging fraud against this Defendant in the State of Alabama from 2020 to present. If so, for each such lawsuit please provide:

*Nelson v. Frankenmuth, et al.*
First Interrogatories
page 3

        a.     The style of the lawsuits, (listing all parties),

        b.     The county in which said lawsuits were filed,

        c.     The year the case was filed and the case or action number of the lawsuits,

        d.     The name, address, and telephone number of the Plaintiff's lawyer involved in each lawsuit,

        e.     The name, address, and telephone number of the parties bringing the lawsuit,

        f.     A full, complete, and detailed statement of the substance of all allegations of each lawsuit, and

        g.     A description of the disposition of each lawsuit (i.e., trial, whether resulted in Plaintiff or Defense verdict, settlement, summary judgment, etc..) or whether it is currently pending.

12.    State each and every location where you spoke to the Plaintiffs, or any of their agents or representatives, and the substance of the discussions and/or conversations.

13.    Please state the name, address, employer, and job title of the person answering these interrogatories.

14.    Do you understand that you are giving the answers to these questions under oath and are attesting to the truthfulness of the answers.

                                /s/ R. Leland Lesley
                                R. Leland Lesley (LES008)
                                Attorney for Plaintiffs

**PLEASE SERVE ON DEFENDANT WITH SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
9/9/2024 9:12 AM
01-CV-2024-903578.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLER

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| RANDALL SCOTT NELSON, | ) | |
| MARION KAY NELSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| FRANKENMUTH MUTUAL INS. CO, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO FRANKENMUTH MUTUAL INSURANCE COMPANY

COMES NOW the Plaintiffs in the above cause and request that Defendant, Frankenmuth Mutual Insurance Company ("Frankenmuth" and/or "Defendant"), produce the following documents and things pursuant to Alabama Rule of Civil Procedure 34. This request is continuing in nature and if this Defendant receives, acquires, or obtains additional documents or information responsive to these requests, you are required to supplement your responses until the date of trial.

Documents and written communication referred to herein specifically includes requests for all forms of electronic communication stored in any manner or form.

1.  Defendant's complete and entire claim file created by the Defendant regarding the loss made the basis of this action, whether maintained in Defendant's field office, regional office, home office, or any other office, including without limitation:

    a.  All letters, memoranda, electronic mail, and other forms of written communication to or from any employee of Defendant insurers relating in any way to the processing of the claim made the basis of this action;

    b.  All written and/or electronic records of any oral communication, whether in person or by telephone, to or from any employee of defendant insurers relating in any way to the processing of the claim at issue in this action;

    c.  All written communications and written records of oral communication, whether in person or by telephone, between any employee of the Defendant insurer and any third party relating in any way to the claims at issue in this action;

    d.  All written communications and written records of oral communication, whether in person or by telephone, or electronic communication, between any

*Nelson v. Frankenmuth, et al.*
First Request for Production
page 2

employee of the Defendant insurer and the Plaintiff relating in any way to the claims at issue in this action;

e.    All written records of any investigation conducted in connection with the claims at issue in this action;

f.    All written communications and written records of oral communication, whether in person or by telephone, or in any other form, to or from any employee of defendant insurer relating in nay way to the decision to deny Plaintiff's claim;

g.    All written communications and written records of oral communication, whether in person or by telephone, between the Plaintiff and any employee of the Defendant insurer relating in any way to the decision to deny Plaintiff's claims;

h.    All written communications and written records of oral communication, whether in person or by telephone, between any employee of Defendant insurer and any third party relating in any way to the decision to deny Plaintiffs claim;

g.    All other documents pertaining to the claims at issue in this litigation.

2.    Defendant's complete underwriting files referring in any way to policies at issue in this action, and the subsequent underwriting file of the policy issued to Plaintiffs on the business and/or property made the basis of this action, including without limitation:

a.    All letters, memoranda, and other forms of written communication and written records or oral communications, whether in person or by telephone, referring or relating to the issuance of the policy at issue in this action.

b.    The file folders in which the preceding documents are kept.

3.    All claims manuals, memoranda, directives, letters, and other forms of written communication directed to claims personnel, claims managers, claims supervisors, or any other person acting on behalf of Defendant in the handling of claims, that refer or relate in any way to the handling of claims generally or to the handling of claims of like character to the claims at issue in this action, including without limitation:

a.    The documents reflecting Defendant's claim settlement policies as they existed at the time defendant denied the claims at issue in this action;

*Nelson v. Frankenmuth, et al.*
First Request for Production
page 3

      b.    the documents reflecting any subsequent changes of policy.

4.    All documents, records, or other tangible evidence of any nature whatsoever, which you claim in any way supports your denying Plaintiffs' claim made the basis of this action.

5.    Please list names, addresses, and titles of all persons who made any decision regarding the claim made the basis of this suit.

6.    Any and all recorded, written or oral statements taken by the Defendant from the Plaintiffs and any person whomever regarding the claim made the basis of this action.

7.    A certified copy of the policy number 6638617 issued to the Plaintiff by the Defendant, along with any and all applications or documents signed or filled out by the Plaintiff or an agent of the Defendant's prior to said policy of insurance being issued.

8.    Any and all written or recorded statements from any person or entity obtained by anyone on behalf of Frankenmuth which relates to the matters described in the complaint made the basis of this suit.

9.    Each and every document which in any way relates to any matters described in the complaint or third party complaint made the basis of this suit.

10.    All reports regarding cause and origin of the claim made the basis of this suit in the possession of Frankenmuth.

11.    Any and all documents, reports, memoranda, or other documents used in answering the Plaintiff's First Interrogatories to Frankenmuth.

                /s/ R. Leland Lesley
                R. Leland Lesley
                Attorney for Plaintiffs

PLEASE SERVE ON DEFENDANT WITH SUMMONS AND COMPLAINT

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2024-903578.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## RANDALL SCOTT NELSON ET AL V. FRANKENMUTH CAS. INS. COMPANY

**NOTICE TO:** FRANKENMUTH CAS. INS. COMPANY, 2 NORTH. JACKSON ST. SUITE. 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ROBERT LELAND LESLEY P.C.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2908 CRESCENT AVENUE, BIRMINGHAM, AL 35209

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

RANDALL SCOTT NELSON
*[Name(s)]*

| 09/09/2024 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.

/s/ ROBERT LELAND LESLEY P.C.
*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____ .

| *(First and Last Name of Person Served)* | *(Name of County)* | *(Date)* |
|---|---|---|

Document left:

  ☐ with above-named Defendant;

  ☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

  ☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

| *(First and Last Name of Person Served)* | *(Name of County)* | *(Date)* |
|---|---|---|

  ☐ the above-named Defendant;

  ☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|

| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
|---|---|---|

| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |
|---|---|---|

## SENDER: COMPLETE THIS SECTION

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

FRANKENMUTH CAS. INS. COMPANY

2 NORTH. JACKSON ST.

SUITE. 605

MONTGOMERY, AL 36104

9590 9402 8971 4064 3641 32

2. Article Number (Transfer from service label)

9589 0710 5270 2141 2271 69

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X

☒ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

9·12·24

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☒ No

CV- 24- 903578

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Mail
- ☐ Mail Restricted Delivery (over $500)

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☒ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

**USPS TRACKING #**



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 8971 4064 3641 32

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

JACQUELINE ANDERSON SMITH, CLERK

ROOM 400 JEFF CO COURTHOUSE

716 RICHARD ARRINGTON JR BLVD., NO.

BIRMINGHAM, ALABAMA 35203

FILED IN OFFICE
CIRCUIT CIVIL DIVISION
SEP 16 2024
JACQUELINE ANDERSON SMITH
CLERK