UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RANDALL SCOTT NELSON, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:24-cv-01277-SGC |
| | ) |
| FRANKENMUTH MUTUAL | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER[1]

Defendant Frankenmuth Mutual Insurance Company has filed a partial motion to dismiss the complaint filed by plaintiffs Randall Scott Nelson and Marion Kay Nelson. (Doc. 4).[2] Frankenmuth argues the Nelsons failed to state a claim for fraud and negligent/wanton claims handling. (*Id.*). It also asks the court to dismiss Marion's claims because she was not a party to the insurance contract. (*Id.*). Frankenmuth's motion is fully briefed. (Docs. 8, 9). For the reasons set forth below, Frankenmuth's motion will be granted.

**I. Allegations of the Complaint**

The Nelsons jointly own a building located at 332 Decatur Highway in Gardendale, Alabama (the "Building"). (Doc. 1-1 at 3). Randall was doing business

---

[1] The parties have unanimously consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 11).

[2] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __).

as Scott's Motorcycle at the Building, and he was a party to an insurance contract, policy number 6638617, with Frankenmuth (the "Policy") wherein Frankenmuth agreed to insure the Building, its contents, personal property, and inventory. (*Id.*). Frankenmuth represented to the Nelsons that the Policy covered losses relating to water and mold. (*Id.*).

The Nelsons monitor the Building via cameras connected to a cell phone. (*Id.* at 4). On the evening of December 25, 2022, the Nelsons received a notice that the cameras at the Building were not functioning. (*Id.*). When they arrived at the Building the following morning, they discovered water damage to the Building and its contents, and they promptly notified Frankenmuth. (*Id.*). The Nelsons fully cooperated with Frankenmuth's investigation. (*Id.*). Nevertheless, on June 9, 2023, Frankenmuth notified the Nelsons that it was denying their claim. (*Id.*).

The Nelsons filed this action on September 9, 2024, in the Circuit Court of Jefferson County, Alabama, claiming: (1) breach of contract, (2) bad faith failure to pay, (3) fraud, (4) bad faith failure to investigate, (5) breach of the duty of good faith and fair dealing, (6) fraudulent inducement, and (7) deceit.[3] (Doc. 1-1 at 3-8). On September 19, 2024, Frankenmuth removed the action to this court, under 28 U.S.C. § 1441, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Doc. 1).

---

[3] The Nelsons' complaint does not specifically state the causes of action for each count, and so the court has discerned each of these claims.

## II. Standard of Review

Under Rule 12(b)(6), a district court should dismiss a complaint for failing to state a claim upon which relief can be granted "only when the plaintiff's factual allegations, if true, don't 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1295 (11th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When determining whether the allegations of the complaint meet this standard, the court must "view the complaint in the light most favorable to the plaintiff and accept all [his] well-pleaded facts as true." *Id.* (quoting *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007)).

Generally, only the complaint itself and any attachments thereto may be considered on a motion to dismiss, even when the parties attempt to present additional evidence. *See Adinolfe v. United Techs. Corp.*, 768 F.3d 1161, 1168 (11th Cir. 2014); *see also* Fed. R. Civ. P. 12(d). However, a court may consider documents that are central to the plaintiff's claim and whose authenticity is not disputed when ruling on a motion to dismiss. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (citations omitted).

Finally, because this is a diversity action, Alabama substantive law governs. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

**III.   Analysis**

Frankenmuth presents three arguments in support of its partial motion to dismiss. First, it asserts the Nelsons' fraud-based claims are due to be dismissed because (1) Alabama law holds that a fraud-based claim premised upon the same theory as a breach of contract claim must be dismissed and (2) the fraud claims are not stated with particularity as required by Federal Rule of Civil Procedure 9. Second, Frankenmuth contends Marion cannot bring claims for breach of contract or bad faith because she was not a party to the Policy. Third, it reasons that Alabama law does not recognize a cause of action for negligent/wanton claims handling.

**A. Fraud**

Frankenmuth argues the Nelsons' fraud claims are simply a restatement of their contract claim because the gist of their complaint is that Frankenmuth failed to pay for water damage when the Policy specified otherwise. It further states that a "fraud claim must be premised on something above and beyond an alleged failure to perform contractual obligations" because mere failure to perform a contractual obligation is not a tort. (Doc. 4 at 8). Frankenmuth contends the Nelsons' bad faith claim, breach of contract claim, and various fraud based claims all arise out of Frankenmuth's alleged failure to perform under the Policy. Because the Nelsons' fraud claims are simply a "repackaging" of the contract claims, those claims should be dismissed. Frankenmuth also asks the court to dismiss the fraud claims because they are not stated with particularity as required by Rule 9. The Nelsons do not

4

substantively respond to Frankenmuth's arguments regarding their various fraud claims. (*See* Doc. 8).

Under Alabama law, (1) "mere failure to perform a contractual promise does not constitute fraud" and (2) "to assert a fraud claim that stems from the same general facts as one's breach-of-contract claim, the fraud claim must be based on representations independent from the promises in the contract and must independently satisfy the elements of fraud." *Stone v. Koch Farms of Gadsden LLC*, No. CV 1:12-3777-RBP, 2013 WL 121477, at *2–3 (N.D. Ala. Jan. 8, 2013) (emphasis omitted) (citing *Hunt Petroleum Corp. v. State*, 901 So. 2d 1, 11 (Ala. 2004) (Houston, J., concurring)).

Here, the Nelsons' claims for fraud, misrepresentation, and deceit are inextricably linked to the promises made in the Policy. Regarding the fraud claim (Count III), the Nelsons allege both that Frankenmuth misrepresented the Policy would cover water losses and that Frankenmuth misrepresented it would investigate the Nelsons' claim. (Doc. 1-1 at 5). In support of their claim for fraudulent inducement (Count VI), the Nelsons allege Frankenmuth willfully misrepresented that the Policy would cover water loss to induce the Nelsons to purchase the Policy. (*Id.* at 7). In their claim for deceit (Count VII), the Nelsons allege Frankenmuth willfully misrepresented the Policy would cover water damage to induce the Nelsons into purchasing the Policy. (*Id.* at 7).

The Nelsons' allegations in Count III do not give rise to liability for fraud under Alabama law. *See Hunt Petroleum Corp.*, 901 So. 2d at 11 (Houston, J., concurring); *Stone,* 2013 WL 121477 at *2; *Townson v. Koch Farms, LLC*, No. 4:13-CV-1703-VEH, 2014 WL 1618376, at *2 (N.D. Ala. Apr. 22, 2014); *Holmes v. Behr Process Corp.*, No. 2:15-CV-0454-WMA, 2015 WL 7252662, at *3 (N.D. Ala. Nov. 17, 2015). The Nelsons have a tort claim related to Frankenmuth's alleged contractual breach: bad faith. They cannot use the same conduct to recover through an additional tort theory for fraud. *See Voss v. State Farm Mut. Auto. Ins. Co.*, No. 1:17-CV-01465-SGC, 2018 WL 4635747 at *8 (N.D. Ala. Sept. 27, 2018). Accordingly, the Nelsons' fraud claim will be dismissed for failure to state a claim upon which relief can be granted.

The same is not true, however, for the Nelsons' claims for fraudulent inducement and deceit.[4] Under Alabama law, claims of fraudulent inducement and breach of contract may coexist. *See Combined Servs., Inc. v. Lynn Elecs. Corp.*, 888 F.2d 106, 108 (11th Cir. 1989) ("Alabama courts have consistently held that, where a party fraudulently conceals or misrepresents facts relating to its intention or ability to perform under a contract, 'a single transaction can support an award of damages for both breach of contract and fraud.'") (citations omitted).

---

[4] The deceit claim seems to be a restatement of the fraudulent inducement claim because it alleges the purpose of the misrepresentations was to induce the Nelsons into purchasing the Policy.

Nevertheless, at the motion to dismiss stage, the Eleventh Circuit has held that the heightened pleading standard under Rule 9(b) requires a plaintiff to allege "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (internal citations and quotations omitted). Here, the Nelsons have wholly failed to support their fraudulent inducement and deceit claims with the sort of specific allegations contemplated by Rule 9(b). Instead, they state their claims in a wholly conclusory fashion. They offer no allegations regarding dates, specific statements, identities of individuals making fraudulent statements, or any fraudulent representations aside from the alleged terms of the Policy. Further, in their response, the Nelsons neither addressed Frankenmuth's Rule 9(b) arguments nor requested leave to file an amended complaint alleging their fraud claims with greater particularity. Accordingly, the Nelsons' fraudulent inducement and deceit claims will be dismissed for failure to state a claim.

### B. Negligent Handling

Frankenmuth argues Counts IV and V should be dismissed because Alabama law does not recognize a cause of action for negligent or wanton claims handling. (Doc. 4 at 6). The Nelsons' complaint does not label their individual claims, and the Nelsons do not substantively respond to Frankenmuth's argument or object to its

7

characterization of Counts IV and V. To the extent those counts seek to recover for negligent or wanton claims handling, they would be due to be dismissed for the reasons set forth in Frankenmuth's motion to dismiss. *See Kervin v. S. Guar. Ins. Co.*, 667 So. 2d 704, 706 (Ala. 1995) (The Alabama Supreme Court has "consistently refused to recognize a cause of action for the negligent handling of insurance claims, and it [does] not recognize a cause of action for alleged wanton handling of insurance claims."). The court, however, interprets Counts IV and V as attempting to state claims for bad faith failure to investigate and breach of the duty of good faith and fair dealing.

Alabama law permits a plaintiff to recover for bad faith failure to investigate a claim. *See Walker v. Life Ins. Co. of N. Am.*, 59 F.4th 1176, 1187 (11th Cir. 2023). As the *Walker* court observed, although Alabama law recognizes only one tort for bad faith failure to pay, a plaintiff may establish bad faith through two theories – no lawful basis for the refusal to pay or an intentional failure to determine whether there is a lawful basis for the refusal to pay. *Id.* "Alabama courts often refer to refusal-to-pay claims as 'normal' bad-faith claims and to failure-to-investigate claims as 'abnormal' bad-faith claims." *Id.* (citing *State Farm Fire & Cas. Co. v. Brechbill*, 144 So. 3d 248, 256–58 (Ala. 2013)). Accordingly, the claim for bad faith failure to investigate (Count IV) may proceed.

On the other hand, it is well established that Alabama law does not recognize an action for the breach of the implied duty of good faith and fair dealing. *See*

8

*Pinnacle Props., LLC v. Guaranteed Rate, Inc.*, No. 1:23-CV-198-TFM-MU, 2025 WL 728460, at *6 (S.D. Ala. Mar. 6, 2025) (citing *Tanner v. Church's Fried Chicken, Inc.*, 582 So. 2d 449, 452 (Ala. 1991) ("This Court has clearly and specifically held that a duty of good faith in connection with a contract is directive, not remedial, and that therefore an action will not lie for breach of such a duty."); *Gov't St. Lumber Co. v. AmSouth Bank, N.A.*, 553 So. 2d 68, 72 (Ala. 1989) (holding there was no independent cause of action in Alabama for a breach of the duty of good faith and fair dealing)). A breach of the duty of good faith and fair dealing is instead considered a breach of contract argument, which the Nelsons bring in Count I. *Id.* Accordingly, Count V will be dismissed.

### C. Marion Nelson's Claims

Frankenmuth asks the court to dismiss Marion's claims for lack of standing because she is not a party to the Policy. The Nelsons respond that as an owner of the Building, Marion may enforce the Policy as a third-party beneficiary. Frankenmuth in turn argues (1) the complaint does not allege that Marion is a third-party beneficiary and (2) the Policy does not indicate any intent to benefit Marion.

As set forth above, Counts III, V, VI, and VII are due to be dismissed. The remaining claims are (1) breach of contract (Count I), (2) bad faith failure to pay (Count II), and (3) bad faith failure to investigate (Count IV).

9

### 1. Breach of Contract/Third-Party Beneficiary

"The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105 (Ala. 2002). Courts must enforce insurance policies as written if the terms are unambiguous. *Safeway Ins. Co. of Ala. v. Herrera*, 912 So. 2d 1140, 1143 (Ala. 2005). Any ambiguity must be resolved against the insurance company, but a party cannot create ambiguity by setting forth a different interpretation or using "strained or twisted reasoning." *Id.* (internal citations and quotations omitted).

The Nelsons allege Randall was a party to the Policy, but they are silent as to Marion's relationship to the Policy. (Doc. 1-1). Frankenmuth attached to its motion to dismiss a copy of the Policy, which, as the Nelsons allege, is issued to Randall dba Scotts Motorcycle Service.[5] (Doc. 4-1 at 8). The Policy lists Randall as the "Named Insured" and identifies Northern Leasing Systems as having an additional interest as the mortgage holder. (*Id.* at 9, 10). The Policy defines "you" and "your" as referring to "the Named Insured shown in the Declarations" – in this case, Randall. (*Id.* at 14*).* Further, the Nelsons point to no language in the Policy that

---

[5] The court will consider this document because the Nelsons do not dispute its authenticity and it is central to their claims. *See Horsley*, 304 F.3d at 1134.

would encompass Marion as an insured by definition. Accordingly, Marion is not a party to the Policy.

Alabama law permits a third-party beneficiary to bring a breach of contract claim when (1) the contracting parties intended, at the time the contract was created, to bestow a direct benefit upon a third party; (2) the plaintiff was the intended beneficiary of the contract; (3) the contract was breached. *See Cullman Leasing, LLC v. Wesco Ins. Co.,* No. 5:22-CV-00468-LCB, 2022 WL 2820098 (N.D. Ala. July 19, 2022) at *2 (citing *Sheetz, Aiken & Aiken, Inc. v. Spann, Hall, Ritchie, Inc.*, 512 So. 2d 99, 101–02 (Ala. 1987)). The parties' intention must be determined from the contract itself where the language is plain and unambiguous. *See Leica Geosystems, AG v. Jefferson Cnty., Ala.*, 325 F. App'x 816, 819–20 (11th Cir. 2009). Courts may look at the circumstances surrounding the contract formation only when the contract is unclear as to whether the contracting parties intended to confer a direct, rather than incidental, benefit on a third party. *Collins Co. v. City of Decatur*, 533 So. 2d 1127, 1132 (Ala. 1988). "[T]he court's inquiry may stop when it determines from the face of the contract that the parties did not intend to confer upon the third person a direct benefit." *Id.*

The Nelsons do not allege, either in their complaint or their response to the motion to dismiss, that Frankenmuth intended to bestow a direct benefit on Marion when the Policy was issued. In their response to the motion to dismiss, the Nelsons simply assert that Marion's status as a co-owner of the Building gives her standing

as a third-party beneficiary. (Doc. 8 at 2-3). This is insufficient to state a claim for breach of contract under a third-party-beneficiary theory. The Policy identifies Randall, d/b/a/ Scott's Motorcycle Service, as the named insured. (Doc. 4-1 at 8). It further identifies Northern Leasing Systems as having an "additional interest" as a mortgage holder. (Doc. 4-1 at 10). Marion is not mentioned anywhere in the Policy, and the complaint does not allege that Frankenmuth and Randall both intended to bestow a direct, rather than incidental, benefit on her through the Policy. *Cf. Jones v. Gen. Ins. Co. of Am.*, No. CIVA 07-0855-WS-C, 2009 WL 1537866 (S.D. Ala. May 29, 2009) (finding the plaintiff to be a third-party beneficiary because the policy language and surrounding circumstances clearly demonstrated an intent by the mortgagee and insurer to bestow direct benefit on her). Marion's breach of contract claim (Count I) against Frankenmuth is therefore due to be dismissed.

### 2. Bad Faith

Alabama law generally limits bad faith claims to situations where there is an insurance contract between the parties. *See Bashir's Inc. v. Sharif*, No. 2:09-CV-536-RDP, 2012 WL 3637582, at *3 (N.D. Ala. Aug. 22, 2012), *amended,* No. 2:09-CV-536-RDP, 2012 WL 12895644 (N.D. Ala. Oct. 30, 2012). A party cannot sue an insurer for bad faith failure to pay if that party does not have a direct contractual relationship with the insurer. *Williams v. State Farm Mut. Auto. Ins. Co.*, 886 So. 2d 72, 75–76 (Ala. 2003). In other words, third-party beneficiaries may not pursue a bad faith claim under Alabama law. *See Jones*, 2009 WL 1537866 at *13.

Here, the complaint and insurance contract establish the only parties to the Policy were Frankenmuth and Randall. The Policy also identifies the mortgage holder, but not Marion, as having an additional interest under the Policy, and the Policy language does not otherwise support a conclusion that Marion is an additional insured or enjoys any other rights under the Policy. Because there was no direct contractual relationship between Marion and Frankenmuth, Marion cannot assert a bad faith claim against Frankenmuth. Accordingly, Marion's bad faith claims (Counts II and IV) against Frankenmuth are due to be dismissed.

## IV. Conclusion

For the reasons set forth above, Frankenmuth's partial motion to dismiss is **GRANTED**. (Doc. 4). The Nelsons' claims for fraud (Count III), fraudulent inducement (Count VI), and deceit (Count VII), as well as Marion's claims for breach of contract (Count I) and bad faith (Count II and IV), are **DISMISSED** pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Clerk is directed to **TERM** Marion as a party. The sole claims remaining are Randall's claims for breach of contract (Count I), bad faith failure to pay (Count II), and bad faith failure to investigate (Count IV).

**DONE** this 13th day of August, 2025.

_/s/ Staci G. Cornelius_
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE